1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

9
10
11

12 | SECURITIES AND EXCHANGE COMMISSION,

13 |         Plaintiff,

14 |     vs.

15 |

16 | ADVANCE BODY IMAGING, LP; CONSULTING DYNAMICS, INC.; and STANLEY JOHNSON,

17 |

18 |         Defendants,

19 |     and

20 | EASTER TURNIPSEED-JOHNSON,

21 |         Relief Defendant.

22 | .

Case No.: SACV 07-1140-DOC (JTLx)

**REVISED FINAL JUDGMENT OF PERMANENT INJUNCTION, DISGORGEMENT, PREJUDGMENT INTEREST AND CIVIL PENALTIES AGAINST DEFENDANTS ADVANCE BODY IMAGING, LP, CONSULTING DYNAMICS, INC., AND STANLEY JOHNSON AND RELIEF DEFENDANT EASTER TURNIPSEED-JOHNSON**

Original Hearing
Date:        December 15, 2008
Time:        8:30 a.m.
Place:       Courtroom 9 D
             Ronald Reagan Federal
             Bldg.& Courthouse
             411 West 4th Street
             Santa Ana, CA 92701

23
24
25
26
27
28

1       Plaintiff, Securities and Exchange Commission ("Commission"), moved,

2  pursuant to Rule 56, Fed. R. Civ. P., for Summary Judgment in favor of the

3  Commission and against Defendants Advance Body Imaging, L.P. ("ABI"),

4  Consulting Dynamics, Inc. ("Consulting Dynamics"), and Stanley Johnson

5  ("Johnson") (collectively, the "Defendants") and against Relief Defendant Easter

6  Turnipseed-Johnson ("Turnipseed-Johnson").

7       On March 18, 2009, this Court entered an Order Granting Motion for

8  Summary Judgment.  (Docket No. 47.)  The Court directed that the Commission

9  provide further briefing on the issue of calculation of civil penalties.  On April 9,

10  2009, this Court entered further an Order Clarifying Summary Judgment as to Civil

11  Penalties and Disgorgement.  (Docket No. 50.)

12       This Court now enters its Final Judgment in this matter based upon its

13  March 18, 2009 and April 9, 2009 Decisions and Orders.

**I.**

14

15       IT IS HEREBY ORDERED that the Commission's Motion for Summary

16  Judgment against Defendants ABI, Consulting Dynamics, and Johnson and against

17  Relief Defendant Turnipseed-Johnson is GRANTED.

**II.**

18

19       IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

20  that ABI, Consulting Dynamics, and Johnson and their agents, servants,

21  employees, attorneys, and all persons in active concert or participation with them

22  who receive actual notice of this Final Judgment by personal service or otherwise

23  are permanently restrained and enjoined from violating Section 5 of the Securities

24  Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the

25  absence of any applicable exemption:

26       (a)    Unless a registration statement is in effect as to a security, making use

27              of any means or instruments of transportation or communication in

28

1    interstate commerce or of the mails to sell such security through the

2    use or medium of any prospectus or otherwise;

3    (b)    Unless a registration statement is in effect as to a security, carrying or

4    causing to be carried through the mails or in interstate commerce, by

5    any means or instruments of transportation, any such security for the

6    purpose of sale or for delivery after sale; or

7    (c)    Making use of any means or instruments of transportation or

8    communication in interstate commerce or of the mails to offer to sell

9    or offer to buy through the use or medium of any prospectus or

10    otherwise any security, unless a registration statement has been filed

11    with the Commission as to such security, or while the registration

12    statement is the subject of a refusal order or stop order or (prior to the

13    effective date of the registration statement) any public proceeding or

14    examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

15    **III**.

16    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

17    that ABI, Consulting Dynamics, and Johnson and their agents, servants,

18    employees, attorneys, and all persons in active concert or participation with them

19    who receive actual notice of this Final Judgment by personal service or otherwise

20    are permanently restrained and enjoined from violating Section 17(a) of the

21    Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of

22    any means or instruments of transportation or communication in interstate

23    commerce or by use of the mails, directly or indirectly:

24    (a)    to employ any device, scheme, or artifice to defraud;

25    (b)    to obtain money or property by means of any untrue statement of a

26    material fact or any omission of a material fact necessary in order to

27    make the statements made, in light of the circumstances under which

28    they were made, not misleading; or

1    (c)  to engage in any transaction, practice, or course of business which

2       operates or would operate as a fraud or deceit upon the purchaser.

3                **IV**.

4    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

5 that ABI, Consulting Dynamics, and Johnson and their agents, servants,

6 employees, attorneys, and all persons in active concert or participation with them

7 who receive actual notice of this Final Judgment by personal service or otherwise

8 are permanently restrained and enjoined from violating, directly or indirectly,

9 Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15

10 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5,

11 by using any means or instrumentality of interstate commerce, or of the mails, or

12 of any facility of any national securities exchange, in connection with the purchase

13 or sale of any security:

14    (a)  to employ any device, scheme, or artifice to defraud;

15    (b)  to make any untrue statement of a material fact or to omit to state a

16       material fact necessary in order to make the statements made, in the

17       light of the circumstances under which they were made, not

18       misleading; or

19    (c)  to engage in any act, practice, or course of business which operates or

20       would operate as a fraud or deceit upon any person.

21                **V**.

22    IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

23 that Consulting Dynamics and Johnson and their agents, servants, employees,

24 attorneys, and all persons in active concert or participation with them who receive

25 actual notice of this Final Judgment by personal service or otherwise are

26 permanently restrained and enjoined from violating Section 15(a) of the Exchange

27 Act, 15 U.S.C. § 78o(a), by, directly or indirectly, in the absence of any applicable

28 exemption, engaging in the business of a broker or a dealer by making use of the

1  mails or any means or instrumentality of interstate commerce to induce the

2  purchase or sale of any security (in the absence of an applicable exemption),

3  without being associated with a broker-dealer that has been registered with the

4  Commission.

5                                            **VI**.

6       IT IS FURTHER ORDERED that ABI and Consulting Dynamics shall be

7  jointly and severally liable for disgorgement of $3,154,023.92, representing

8  proceeds gained as a result of the conduct alleged in the Complaint, together with

9  prejudgment interest thereon in the amount of $158,840.51.

10      Consulting Dynamics shall also pay a third-tier civil penalty in the amount

11  of $650,000.00 pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d),

12  and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

13      ABI and Consulting Dynamics shall receive a credit for any sums paid by

14  each other or by Johnson or Turnipseed-Johnson on their disgorgement and/or

15  prejudgment interest obligations.  ABI shall satisfy its obligation by payment

16  within eleven (11) business days after entry of this Final Judgment by certified

17  check, bank cashier's check, or United States Postal money order payable to the

18  Securities and Exchange Commission.  Consulting Dynamics shall satisfy its

19  obligation by payment within eleven (11) business days after entry of this Final

20  Judgment by certified check, bank cashier's check, or United States Postal money

21  order payable to the Securities and Exchange Commission.  The payments shall be

22  delivered or mailed to the Office of Financial Management, Securities and

23  Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop

24  O-3, Alexandria, Virginia 22312, and shall be accompanied by a letter identifying

25  ABI or Consulting Dynamics as Defendants in this action, setting forth the title and

26  civil action number of this action and the name of this Court, and specifying that

27  payment is made pursuant to this Final Judgment and on whose behalf the payment

28  is made.  ABI and Consulting Dynamics shall pay post-judgment interest on any

1   delinquent amounts pursuant to 28 U.S.C. § 1961. ABI and Consulting Dynamics

2   shall simultaneously transmit photocopies of such payment and letter to the

3   Commission's counsel in this action.

**VII**.

5        IT IS FURTHER ORDERED that Johnson shall be liable for disgorgement

6   of $521,259.23, representing funds diverted for his benefit as a result of the

7   conduct alleged in the Complaint, together with prejudgment interest thereon in the

8   amount of $26,251.25.  ABI and Consulting Dynamics are also jointly and

9   severally liable for these amounts.

10        Johnson shall also pay a third-tier civil penalty in the amount of $130,000.00

11   pursuant to Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section

12   21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

13        Johnson shall receive a credit for any sums paid by ABI and/or Consulting

14   Dynamics and/or by Relief Defendant Turnipseed-Johnson on their disgorgement

15   and/or prejudgment interest obligations up to the amounts owed by Johnson.  Any

16   sum paid by Turnipseed-Johnson shall decrease the total amount owed by Johnson,

17   ABI and Consulting Dynamics.  Any sum paid by Johnson shall decrease the total

18   amount owed by ABI, Consulting Dynamics and Turnipseed-Johnson.   Johnson

19   shall satisfy this obligation by payment within eleven (11) business days after entry

20   of this Final Judgment by payment by certified check, bank cashier's check, or

21   United States Postal money order payable to the Securities and Exchange

22   Commission.  The payment shall be delivered or mailed to the Office of Financial

23   Management, Securities and Exchange Commission, Operations Center, 6432

24   General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be

25   accompanied by a letter identifying Johnson as a Defendant in this action, setting

26   forth the title and civil action number of this action and the name of this Court, and

27   specifying that payment is made pursuant to this Final Judgment.  Johnson shall

28   pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. §

1961.  Johnson shall simultaneously transmit photocopies of such payment and

letter to the Commission's counsel in this action.

**VIII**.

   IT IS FURTHER ORDERED that Turnipseed-Johnson shall be liable for

disgorgement of $449,100.00, representing funds diverted for her benefit as a

result of the conduct alleged in the Complaint, together with prejudgment interest

thereon in the amount of $22,617.23.  ABI, Consulting Dynamics and Johnson are

also jointly and severally liable with Turnipseed-Johnson for these amounts.

Turnipseed-Johnson shall receive a credit for any sums paid by ABI and/or

Consulting Dynamics and/or Johnson on their disgorgement and/or prejudgment

interest obligations up to the amounts owed by Turnipseed-Johnson.  Turnipseed-

Johnson shall satisfy this obligation by payment within eleven (11) business days

after entry of this Final Judgment by certified check, bank cashier's check, or

United States Postal money order payable to the Securities and Exchange

Commission.  The payment shall be delivered or mailed to the Office of Financial

Management, Securities and Exchange Commission, Operations Center, 6432

General Green Way, Mail Stop O-3, Alexandria, Virginia 22312, and shall be

accompanied by a letter identifying Turnipseed-Johnson as a Relief Defendant in

this action, setting forth the title and civil action number of this action and the

name of this Court, and specifying that payment is made pursuant to this Final

Judgment.  Turnipseed-Johnson shall pay post-judgment interest on any delinquent

amounts pursuant to 28 U.S.C. § 1961.  Turnipseed-Johnson shall simultaneously

transmit photocopies of such payment and letter to the Commission's counsel in

this action.

**IX**.

   IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this

Court shall retain jurisdiction of this matter for the purposes of enforcing the terms

of this Final Judgment and all orders and decrees which have been entered or may

1  be entered herein, and to grant such other relief as the Court may deem necessary

2  and just.

3                                     **X**.

4         There being no just reason for delay, pursuant to Rule 54(b) of the Federal

5  Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment

6  forthwith and without further notice.

7

8  Dated:  May 15, 2009

9

10  _____
                               David O. Carter
11                UNITED STATES DISTRICT JUDGE

12

13

14  Presented by:

15  _____

16  Gregory C. Glynn
    Peter F. Del Greco
17  Attorneys for Plaintiff
    Securities and Exchange Commission
18

19

20

21

22

23

24

25

26

27

28